We will hear our next in case number 24-2291 Garland against OPM. Mr. Baum. All right well thank you and good morning your honors. I may please the court. Christopher Baum on behalf of petitioner Tracy Garland. Here there's clear error of law. OPM and the board both rejected Ms. Garland's medical evidence as not objective and on that basis held that OPM satisfied its burden to rebut the Brunner presumption. And so a more typical case involving application of the Brunner presumption involves an agency removal action and then review by OPM. But here OPM is on both sides of the equation. So OPM removed Ms. Garland for medical inability to perform due to a disability and then promptly rejected her subsequent application for disability retirement stating that there's no objective records provided to show that her medical condition caused disablement. So what the initial decision used the word objective evidence, the reconsideration decision which was what was on appeal. I think the government makes the board I guess here makes that argument. So even though there is a statement about the missing objective evidence, first of all it's not in the reconsideration decision and second I think the submission is that's not all there is. So clearly the absence of something called objective evidence cannot standing alone be sufficient. I think we established that. Why is that this case? Certainly your honor and I think it's a really important point a couple points to note on the request for reconsideration that are that are directly on point with that. One is the actual listing of absence of records. What the reconsideration decision does it doesn't go out and say the word objective certainly but that's not that's not the requirement. It doesn't need to state objective evidence in order to trigger what's effectively the Vannik and Riles requirement. The listing of missing documents the reasons the justifications the reconsideration decision has in affirming the initial decision it's the same reasons. It's the same rejection of records because they are not objective. On appendix page 80 states a lack of neuropsychological testing that may be performed over the years records pertaining to treatment reports psychotherapy notes. Also on page 80 flagging the basis for the rejection medical records of your office visits during periods of incapacitation lack of provision of psychotherapy notes. All of these are in line with the same objective medical records that the initial decision is flagging as the basis for and on top of that the reconsideration affirms. In terms of whether or not the reconsideration decision is also turning on the absence of objective evidence the reconsideration decision starts off by saying we concluded the initial decision was correct. We have again concluded the evidence you submitted doesn't meet the requirements. Well exactly so your honor and that was my next point here which is it affirms that there is no modification of the basis of OPM initial decision by the reconsideration decision. The initial decision is unambiguous and that the basis for rejecting Ms. Garland's disability retirement application is the absence of objective medical evidence. The reconsideration request affirms that there's no modification of that basis. What was the specific kind of evidence that in Van Eken Riles we said could not support the conclusion standing alone for failing to be objective? The exact type of objective evidence I do not recall the specifics on that your honor from Van Eken Riles exactly what what nature whether it was a report or whether it was a medical test. I guess I'm trying to understand how broad some whatever Van Eken Riles stands for that is. There's a very large amount of stuff that goes into mental health evaluations that might have some subjective component might have some objective component and I'm tell me why you think all of the deficiencies that were asserted by I guess the AJ and by OPM in the combined initial and reconsideration decisions are deficiencies identified as such for failure to be objective. So and I hope this answers your question judge and really what I'm I think questions Van Eken Riles and I think I want to stress here it's an important point is is we're not trying to to alter Trevin we're not trying to alter Van Eken Riles we're not trying to to expand the scope of either we think that this case Ms. Garland's case fits very neatly within the Van Eken Riles framework. Van Eken Riles I think what the really key distinguishing here or distinguishing point here is and what's prohibited under Van Eken Riles is this categorical exclusion of evidence and it is it's a sometimes a tricky search circumstance for these psychological disabilities certainly which is Ms. Garland's is where there's a heavy reliance on subjective evidence but that's why it's all the more important here that we apply Van Eken Riles within the scope that it already exists here which is prohibiting this categorical exclusion because there's no dispute. I guess I'm trying to understand what to make of this idea of a categorical conclusion. Did OPM or AJ say what we have here from Dr. Greenberg are some very conclusory statements we need something to back that up the kind of thing that tends to pack that up. We don't have you know neuropsychological testing in which there are scores. We don't have I don't know what else there would be but we also don't have I don't know therapy notes. We don't have very specific diagnoses. That feels like it's moving outside the Van Eken Riles. You cannot rely on this alone. Certainly judge and I think if there were issues where there were not articulated diagnoses were not articulated impacts of the disability on Ms. Garland's ability to perform certainly I think this would bring that outside the scope of Van Eken Riles. This is not that far. The notes from the doctor physician there's multiple treating physician letters part of the record appendix 137, 153, 155. They all walk through the identified diagnosed disabilities. Major depressive disorder, generalized anxiety disorder, insomnia and they walk through the physician walks through the impact that this has on Ms. Garland's ability or inability to perform the essential functions here. What happens with the OPM decision initial denial and then the reconsideration decision is an acknowledgment that there are these subjective medical records walking through the diagnoses walking through the impact that these diagnoses have on Ms. Garland's ability to function and flagging that because they are not supported by objective medical evidence because they are not themselves objective medical evidence discarding them finding she's not entitled disability retirement. We think that fits neatly within Van Eken Riles. I think also important to flag as well on that same point or related to that point is OPM's own response to appeal because OPM of course here never filed any close of record evidence or argument at the board. So Ms. Garland of course appealed heard the denial to the board and OPM never filed an ultimate closing record argument. What OPM did file is that initial agency file that initial response to appeal basically memorializing the case record of the appealed action at the board level putting that in the docket and in OPM's initial response to appeal it acknowledges submission of those medical records by Ms. Garland's treating physician but then notes again reiterates that there's no current supporting objective records that's appendix 190 and then even the brief note that OPM has on its pretext burden that response to appeal at appendix 193 OPM states Dr. Greenberg offered no evidence of testing psychotherapy notes listed medications or documentation to treatment again laundry listing the absence of objective medical documentation as the basis for that the this point what's what's the relief that we should give it's it's an interesting question judge because it is it's not common for this court to grant it I'll concede but we think because of the burden shifting framework at in play here under Bruner this court can and it has before in the past simply reverse and approve Ms. Garland for disability retirement because under Bruner the presumption controls there's no dispute that the Bruner presumption applies to Ms. Garland the issue is whether OPM rebut that presumption and here our position is that there was a legal error in that rebuttal determination so there is no rebuttal where Bruner controls Ms. Garner is entitled to disability retirement. What case is it that we have held that where the Bruner presumption was not rebutted? You said there was a case? Oh for for that for that facet of relief judge I believe it was Gooden in 2006. Site? I do not have that on me judge. Gooden you said? Case called Gooden. Gooden. G-O-O-D-E-N. That's specifically on the issue of the relief of the remand back or excuse me rather than a remand a reversal and a granting of disability retirement. Did you say Gooden? Gooden. Sorry G-O-O-D-E-N. I put pitcher. Right Dwight Gooden. Yes. Well your case depends on us agreeing with you that the reconsideration decision went off on the ground of no objective evidence. Certainly judge and I think we think. And the A.J. likewise. Yes judge and I think particularly the A.J.'s point I mean the the the A.J. had almost no assessment on this at all but rather just noted. The A.J. confused the initial decision with the reconsideration decision. We don't really know what the A.J. thought about the reconsideration decision. But we do know I think judge based on the A.J.'s decision that the A.J. understood or they thought they understood OPM's assessment or decision. Your argument is that that's a categorical rule under Riles? Yes your honor that's correct. And that you would? Yes. And so what is the scope in your view of the review the finality provision of I forget what the statutory provision is. Is it 83-47 or something? The one that was at issue in Lindahl. Right Lindahl said at least constitutional certain kinds of issues can be done on review but the basic determination of disability cannot be reviewed. Well I think in Lindahl and at least for the applicability to this case I think the proposition that we would take from Lindahl is that error going to this heart of administrative determination again to Vanek and Riles that's reviewable by this court. Right but then how does that affect the remedy? I wonder I guess my question would be whether that means we can say this was a legal error but we cannot say ourselves that here is the necessary result when that legal error is corrected. And here judge I think and I don't know that necessarily the applicability directly to and that I don't have them before me to break that down. But again because this is such an unusual situation because we have the Bruner presumption in effect and I think the case law you know Bruner itself is pretty clear cut on that. If the Bruner presumption is in effect that controls disability retirement there's entitlement to disability retirement benefits. But if this court reverses that rebuttal burden in particular here whether or not that rebuttal burden was satisfied as part of a legal error that reversal should have a Bruner control in our position. What if what if we were to say clarify and say no you can't rely on the lack of objective evidence in order to satisfy the Bruner presumption go back and try again. Try again to the board to see whether the Bruner presumption was satisfied. The first instance once they understand what the correct law is then wouldn't that be appropriate also as an alternative option? It's certainly what judge and I think we've we've requested that in the alternative in our in our brief leadings as well. I see my question if we were to ruin your favor on the rebuttal of the Bruner presumption and say that you win does that moot the second question you've raised which is the propriety of the AJ and rejecting your additional evidence at In effect yes judge. My understanding is yes. I see my time is concluded if I may reserve the remainder. Thank you. We would not need to reach that? I do not believe you need to reach that that issue judge. May it please the court. This court should affirm the board's decision affirming the reconsideration decision of the board of the administrative judge because there's been no legal error here. There hasn't been a categorical exclusion of evidence like my friend says here. There's been a application of Trevon where the lack of medical evidence was pointed to by the OPM and that rebutted the presumption which is perfectly in line with Trevon and the administrative judge applied quoted and cited Vannikin-Riles in his decision. He cataloged the evidence very carefully just like was done in Vannikin-Riles. He pointed out in his decision where there were issues with certain medical evidence and then he took issue with the evidence that purported to come from Dr. Greenberg's office and that just resulted in a decision that was not in favor of Ms. Garland getting disability retirement. In Vannikin-Riles the same thing happened. The facts were a little different but the court said but here OPM did not express any doubt as to the credentials or veracity of Dr. Nichols or Dr. Rumler and the only medical evidence as to whether Vannikin-Riles suffered from a disabling psychological disorders were their reports and documentation. Here there's a question about the and credentials of Dr. Greenberg so that's why there's a difference. This case does fall squarely within Trevon. It's the closest case that matches this one because it employs the Bruner presumption and it applies an analysis rebutting the Bruner presumption. Vannikin-Riles is relevant certainly but it doesn't have the same discussion of rebutting the Bruner presumption because there was no Bruner presumption in that case. The administrative judge carefully weighed all the evidence and he pointed out that there were issues with the reliability of the records when it came to the handwriting that he noted. Also there were records that did not appear to have any connection to Ms. Garland. There were records that were illegible so there were issues with the evidence and he made a rational decision about the effect of that evidence. Were there opinions stated under Dr. Greenberg's name that were outside the set of records as to which authenticity questions had been raised? Your Honor, if I understand your question, there clearly were authenticity questions raised about some of the submissions that had Dr. Greenberg's name on them. Are there some records that have Dr. Greenberg's name on them as to which there are no authenticity questions raised? Yes, there are letters from him that The letters leading up to the removal for, you know, inability to do the work. Yes, letters that are primarily focused on working conditions and, you know, requesting that Ms. Garland have a circumstance of work where there aren't production standards. Those are letters I know I haven't seen in the record anything that questions their authenticity. And either OPM later, not as employer, but as disability retirement adjudicator in the first instance, said we don't have enough evidence here either to, you know, overcome the presumption or to find by a preponderance of evidence the relevant disability. What were the reasons given for the, I'm just going to use the word, untainted Greenberg records being inadequate? It doesn't say directly in the reconsideration decision, but what the reconsideration decision suggests by what it requests is that it wanted more support for the information provided. For instance, they wanted a description of symptoms, a description of medical history and treatment, narrative reports and psychotherapy notes, medical records that establish the severity of her medical conditions, her response and compliance, records of office visits during periods of incapacitation. So basically, they're asking for the backup for what Dr. Greenberg is saying. And if you look at Vannikin-Riles, in Vannikin-Riles, those doctors did provide that sort of information. They had, it helps that there was a hearing in that particular case and there were witnesses. But in Vannikin-Riles, there was the applicant's testimony, the husband's corroborating testimony, a physician's letters accompanied by medical reports and progress notes, and a psychiatrist's letter with a diagnosis and prognosis, also accompanied by treatment notes. So there's a difference between the facts here and in Vannikin-Riles. I have a question. On page A-16, which I believe is the board's, the administrative judge's decision, it said that the Brunner presumption can be overcome by demonstrating a lack of objective medical evidence, providing a reasoned explanation. And then goes on to discuss, I guess, the wrong decision by OPM, but then talks about the reconsideration decision. But why isn't this reference to lack of objective evidence and that being sufficient to overcome Brunner, along with the administrative judge's kind of conclusory statement here that OPM has met its burden, why isn't that enough to just at least send it back for the board, I mean, yeah, for the board to consider it, understanding the proper law? Well, the statement in Trevon is that pointing to a lack of objective medical evidence is sufficient. Here, though, I do want to point out that OPM was not pointing just to a lack of medical evidence. If you look in the narrative brief provided by the agency, on Appendix 193, the agency actually points to a lack of sufficient medical evidence. So it's not even pointing to objective medical evidence there. It's pointing to a lack of medical evidence. I understand, but it takes a little bit of reading into the administrative judge's decision to reach that, doesn't it? Do you agree with that? I agree that the standard is apparently low. The standard for rebutting the presumption? For rebutting the presumption based on a lack of evidence. That wasn't what I asked you, though. You might agree with that. I was asking if that's what this opinion at page A-16 says. I mean, this opinion at page A-16 doesn't seem to be relying on a lack of medical evidence. It the administrative judge also talks about the OPM reviewer and how the medical reviewer said that there was no medical record at all found in the case file. And that seemed to me to be the thing. And you think that's accurate? It's true. That's what the medical reviewer said. But is there no medical record at all found? I mean, I think you just said that actually there are even authenticated letters from the doctor. Would that be no medical record at all? It's not clear to me whether the medical reviewer was considering those letters to be medical evidence. I'm asking you. Yeah. I'm asking you. You work in these kinds of cases all the time. Would that be considered no medical record? I have a hard time thinking that there's no medical record at all unless you're talking about all the particular types of evidence, for example, objective evidence. The letters from Dr. Greenberg can be medical records. They can have information in them that would constitute medical information. Yes. I think there was a diagnosis, for example, in there. Yes, that is true. Okay. Thank you. Am I understanding correctly, our court in Treven did not refer to and discuss Vanek and Riles? Treven was decided in 1995. I see. Much earlier. I see. Much earlier. So Vanek and Riles then comes back and says, well, there's a certain kind of analysis that's not going to be sufficient. You're correct. Vanek and Riles has a footnote that distinguishes Treven and you don't deal with that in your brief. So. The argument, your adversary deals with that and says, well, that explains, basically, the footnote explains what the role of objective evidence is in one of these cases. Objective evidence isn't stated as a go, no-go rigid test. Instead, objective evidence comes into play when the record as a whole shows that there is evidence undermining the subjective evidence of the applicant. In which case, the applicant can only overcome that challenge to its subjective evidence by producing objective evidence. That's the argument that your adversary is making to explain what language really means in Treven, because Treven does clearly say that we agree with the board that you can meet the first step of the burden of presumption by saying that there's no objective evidence. So it's, we have to figure out what, how Treven and Vanek and Riles fit together to decide what the role of objective evidence is in one of these inquiries. Is it a litmus test, as you say, or is it instead something that gets considered in the mix? And I found it interesting that your brief simply didn't address footnote five, eight, whichever it is, in Vanek and Riles. I, I. You almost lost your opportunity to explain it. I didn't intend it to be a distraction. But the difference in, that matters to this case, I think is that Ms. Garland is arguing about rebutting the presumption. And Treven is analogous in that it talks about rebutting the presumption. Why doesn't OPM ever address the burden of presumption? The OPM decisions don't deal with the question of whether or not, as in this case, whether the presumption is triggered by the, by the removal. Is there a reason why OPM's decisions never address rebutting the burden of presumption in a case where it exists? I haven't found anything in the case law that addresses, addressing the Brunner presumption at the agency level. The agency may not have thought that they needed to address it there. And maybe it was for the next level overview. Because if the Brunner presumption is, as a practical matter, applied at the OPM level, who decides whether OPM has properly rebutted the presumption? Does OPM decide? And how does that look as a practical matter? Well, is that, is that really so mysterious? I mean, the employee or the former employee in that, in this context, has been discharged because of a kind of disability, inability to do the job. The logic is, that does suggest that enough for a presumption that the now former employee is disabled for retirement purposes. So you need something to break that sort of prima facie logical implication. Why wouldn't OPM be proceeding in that fashion? I don't have an answer to that one. I'm sorry. But OPM does certainly acknowledge Miss Garland's departure and her removal on the basis of disability in both of the initial and reconsideration decisions. So it was not lost on OPM that that was her situation. I see that my time has run out. Okay. Thank you. Thank you. Your Honors. Can you tell us what we're supposed to do with Travann? Because it's the language in Travann that is harmful to you, isn't it? I don't think so, though, Judge. I don't think you have to do anything with Travann, which is kind of the crux of our push here. I think Travann and Vinnick and Riles coexist happily. I don't think there could be situations certainly where there's a tension or difficulty. Well, doesn't Travann have a specific language that says you can rebut the presumption by pointing out the absence of objective evidence? But I think what's really important— Isn't that language in? I'm trying to find it. In Travann. It is. Absolutely. But I think a couple of really important distinctions with Travann. In Travann, OPM presented objective evidence to rebut the applicant's subjective assertions of disability. So Travann is a wholly different circumstance than what we're looking at here. Travann is there has been a presentation of objective evidence to rebut the subjective matters. So the context of that discussion in Travann is OPM's production. Here, there's no such production. So it's limiting the absence of objective evidence to the fact situation there. I think that's a very important caveat to it. Yes, Judge. And I think— You're saying, just to make sure I understand, sorry, that in that case, there was objective evidence that was introduced that rebutted the subjective evidence that had been presented thus far. That's correct, Judge. And that's the context of that discussion in Travann. And in Travann, the big takeaway from us or that we believe is in Vinnick and Riles is this prohibition on the categorical exclusion. There's nothing in Travann, at least to our reading, that prohibits that. It's this discussion in Travann in a factual pattern, a factual framework that is wholly distinct from Ms. Garland's. And there's no support in Travann for this categorical exclusion of evidence that Vinnick and Riles flags as inappropriate. Haven't there been some board cases that then you would say misread Travann? Yes, I would say that there are. There are cases that took the language that said lack of objective evidence is enough you lose, regardless of the fact setting. So you would argue those cases are outliers? That's correct, Judge. I don't have the sites in front of me. I noticed a few of those. There are two or three of them. There's a few. And I think some of them did, in fact, run with Travann beyond— Do you understand the footnote in Vinnick and Riles to be supporting what you're saying about what the role, the purpose, the function of objective evidence in one of these cases? That's correct, Judge. And maybe the A.J.'s decision that Appendix 16 quoting from Angel is, that may be one of the board cases that I think, to use your language, ran with Travann? Yes, I believe that's the case, Judge. Yes, and there's, as Judge Clevenger put it out, there's a few of those. And speaking of case sites, actually, my counsel kindly provided what I believe would be the site to the previously mentioned good and matter, would be 471 F3rd 1275. 471 F3rd which? 1275. 1235? 1275. I see my time has concluded. Thank you. Thank you, Your Honors. Thank you. That's both counsel cases submitted.